**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-18-00136-003-PHX-SMB |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Teresa Marie Fields, | |
| Defendant. | |

Pending before the Court is Defendant Teresa Marie Fields' Motion for Compassionate Release. (Doc. 194.) The Government has filed a response (Doc. 195) and Notice of Supplemental Authority. (Doc. 199.) Defendant has filed a reply. (Doc. 204.) The Court denies the motion for the reasons discussed below.

## I. BACKGROUND

Ms. Teresa Marie Fields ("Defendant") is a fifty-year-old inmate at Federal Medical Center ("FMC") Carswell who was convicted of Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(viii). (Doc. 132.) The conduct underlying her conviction involves trafficking 442.3 grams of methamphetamine, 146.2 grams of fentanyl, and 2.125 kilograms of "ice" from Arizona to Arkansas. (Doc. 117. ¶¶ 27, 29.) On June 20, 2019, she was sentenced to ninety-seven months of incarceration to be followed by sixty months of supervised release. (Doc. 132.) She has since completed 24 months of the sentence.

During Defendant's incarceration, the COVID-19 pandemic spread to this nation's

prisons. To combat the pandemic and ensure inmate health, the Federal Bureau of Prisons (BOP) has modified its operations.[1] While FMC Carswell experienced 695 COVID-19 cases in total, only three active cases remain for the facility's inmate population. *See* BOP, COVID-19 Coronavirus (updated daily), *available at* https://www.bop.gov/coronavirus/ (last visited June 29, 2021.)

Defendant maintains that despite BOP protocols and receiving both doses of the Pfizer vaccine, she is still in danger of contracting COVID-19 a second time. (Doc. 194 at 5.) Defendant suffers from heart problems, arthritis, restless leg syndrome, asthma, and obesity. (*Id.* at 1.) Defendant states she is in a "higher risk category" because these comorbidities could exacerbate the effects of COVID-19. (*Id.* at 5.) In addition, Defendant argues that she is not a danger to the community because she has "no violent convictions" and was in an "abusive relationship with her husband" who used her "to do his bidding" during the time she committed the offenses. (*Id.* at 5.) Moreover, Defendant states her involvement in the convicted offense stemmed from "her own use and abuse of illegal substances" and that this "got the best of her." (*Id.* at 1, 5.) Defendant now asks this Court to grant her compassionate release pursuant to 18 U.S.C. § 3582(C)(1)(A). (*Id.* at 6.)

## II. LEGAL STANDARD

Section 3582(c), as a general matter, prohibits a court from modifying an inmate's terms of imprisonment. 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824-825 (2010). However, a court is authorized, but not required, to reduce an imprisonment term

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

---

[1] Such modifications include temperature checks, social distancing, and COVID-19 screening for inmates, staff, contractors, and other visitors. In addition, visitors and inmates must wear face coverings and perform hand hygiene during visits. Tables and chairs must be disinfected between visitation groups. *See* BOP, BOP Modified Operations, (updated Nov. 25, 2020), *available at* https://www.bop.gov/coronavirus/covid19_status.jsp.

18 U.S.C. § 3582(c)(1)(A); *see also United States v. Tomlinson*, No. CR-18-08374-002-PCT-DWL, 2020 WL 193552, at *1 (D. Ariz. Apr. 2020). A motion for compassionate release is not an opportunity for "plenary sentencing." *United States v. Kelley*, 962 F.3d 470, 475 (9th Cir. 2020). Compassionate release is reserved for "compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing." *See* 28 C.F.R. § 571.60. A compassionate release "due to a medical condition" is generally treated "as an extraordinary and rare event." *United States v. Hearron*, No. CR 91-392-2-TUC-CKJ, 2020 WL 4569556, at *5 (D. Ariz. Aug. 7, 2020). To prevail on a motion for compassionate release, the Defendant must show that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). In addition to showing extraordinary and compelling reasons, a district court *may* also consider whether a defendant has shown she is not a danger to any other person's safety or the community. 18 U.S.C. § 3142(g)(4); U.S.S.G. § 1B1.13; *see United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (emphasis added).

If an inmate successfully presents a compelling and extraordinary case for early release, the Court must also weigh the § 3553(a) factors to determine whether release is warranted. *See* 18 U.S.C. § 3582(c)(1)(A). The § 3553(a) factors include:

> the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims.

*United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013). "The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Aruda*, 993 F.3d at 802 (9th Cir. 2021).

## III. DISCUSSION

### A. Exhaustion of Administrative Remedies

The government concedes that Defendant has exhausted her administrative remedies. (Doc. 195 at 6.) Accordingly, the Court finds this requirement to be met.

### B. Extraordinary and Compelling Reasons

Defendant contends that extraordinary and compelling reasons warrant her release because she is in a higher-risk category for COVID-19 and may contract COVID-19 a second time despite BOP's modified COVID-19 policies and receiving the Pfizer vaccine. (Doc. 194 at 5-6.) The Government responds that Defendant has not shown extraordinary and compelling reasons because her risk for reinfection is low since she received both doses of the Pfizer COVID-19 vaccine and BOP's efforts have been effective at combatting COVID-19. (Doc. 195 at 9-11.)

While not binding, the Court will look to the Sentencing Commission's policy statement addressing the reduction of sentences to inform its decision. According to U.S. Sentencing Guidelines' Application Note 1(A) of § 1B1.13, "extraordinary and compelling" reasons may exist due to "a medical condition of the defendant" where:

> (i) the defendant is suffering from a terminal illness . . . (ii) the defendant is suffering from a serious physical or medical condition, suffering from a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

Defendant contracted COVID-19 in January 2021 and received doses of the COVID-19 Pfizer vaccine on February 23, 2021 and March 16, 2021. (Doc. 195 at 2.) Defendant takes a low level of oxygen, 2L, below the normal flow rate of 6-10L per min. (Doc. 195 at 2); *see* Gary Porter-Jones, Short-term oxygen therapy, Nursing Times, https://www.nursingtimes.net/clinical-archive/respiratory-clinical-archive/short-term-

oxygen-therapy-01-10-2002/ ("The normal flow rate of oxygen is usually six to 10 litres per minute …"). Additionally, Defendant's comorbidities include "congestive heart failure requiring a pacemaker, leaky mitral valve, arthritis, restless leg syndrome, asthma, and obesity." (Doc. 194 at 1.) However, Defendant is "stable." (Doc. 195 at 2.) Defendant argues that despite BOP's COVID-19 mitigation efforts and being "housed at a [m]edical [f]acility," she would virtually be "guaranteed that medical care is superior in a non-prison sentence." (Doc. 194 at 6.) Defendant cites no authority to support her contention about the superiority of non-prison medical care.

The Government argues that because of the low infection rate and most of FMC Carswell's inmate population being fully vaccinated, BOP's mitigation efforts have been successful. (Doc. 195 at 11.) The Government further responds that because the Pfizer COVID-19 vaccine has been proven to be 95% effective in preventing infection and "virtually entirely effective in preventing severe disease" for individuals with comorbidities, Defendant no longer presents a sufficient argument for compassionate release. (Doc. 195 at 9.)

At least one judge in this district has previously determined that an inmate receiving a COVID-19 vaccine weighs against granting compassionate release. *See United States v. Cortez*, No. CR180085801PHXSPL, 2021 WL 689923 (D. Ariz. Feb. 23, 2021). With this in mind and because the Defendant has not presented evidence sufficient to show that she is at a greater risk of contracting COVID-19 during her incarceration, the Court agrees that the Defendant's circumstances are not extraordinary and compelling.

While the Court's analysis could end here, out of an abundance of caution, the Court will next examine the danger Defendant poses to the community and the 18 U.S.C. § 3553(a) factors.

**C. Danger to the Community**

Defendant contends that nothing in her criminal history suggests she is a danger to the community because her convictions did not involve violent behavior. (Doc. 194 at 6.) Furthermore, Defendant argues that she committed the conduct underlying the conviction

because her abusive husband forced her to do his bidding and that she succumbed to her drug use. (Doc. 194 at 5.)

The Government cites to *Reynolds* and *Gentry* to argue that danger to the community is not limited to physical violence and can take different forms. (Doc. 195 at 13); *see United States, v. Reynolds*, 959 F.2d 192, 192 (9th Cir. 1992) ("[D]anger may, at least in some cases, encompass pecuniary or economic harm."); *see also United States v. Gentry*, 455 F. Supp. 2d 1018, 1032 (D. Ariz. 2006). The Court agrees that "danger" is not confined to violent acts.

While not required to do so, the Court will consult the factors listed in 18 § U.S.C. Sec. 3142(g) to inform its decision. These factors include:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, ..., or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, ...; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The Defendant was convicted of trafficking a controlled substance, methamphetamine. (Doc. 132.) Defendant presents this conviction as an aberration, attributing her actions as a fault of manipulation by her husband and her drug use. (Doc. 194 at 5.) In support, Defendant argues that she has had "no involvement in the criminal justice system between 2003 and the time frame of this case." (Doc. 194 at 2.) This contention is incorrect. Defendant has a long history of drug trafficking and substance abuse. (Doc. 117.) In 2004, Defendant was convicted for Attempt to Manufacture Controlled Substance Methamphetamine and received five years' probation. (Doc. 117 ¶ 43.) In 2017, she was arrested on drug trafficking charges, and the disposition for this offense is pending. (Doc. 117 ¶ 48.) Defendant's pretrial release was also revoked because she tested positive for methamphetamine. (Doc. 117 ¶ 6.) The Government contends that

because the Defendant has not provided a release plan or any evidence to show why she would comply with conditions of release after she was "unable to comply with conditions of her pretrial release" that she has not met her burden. The Court agrees that Defendant has failed to show that she no longer is a danger to the community.

### D. Consistency with Section 3553(a) Factors

As discussed above, Defendant has a history of drug trafficking and substance abuse, and her conviction involved trafficking a controlled substance. The Defendant argues that while incarceration offers some deterrence, it offers "no guarantee that crimes are prevented" because "criminal conspiracies" and "fraudulent scams" can still occur within prisons. (Doc. 194 at 6.) Defendant further contends that she should receive compassionate release because it would "most likely" be easier to participate in "vocational training" and "medical care." (Doc. 194 at 6.)

The Government responds that the Court considered Defendant's medical condition during sentencing because the Presentence Investigation Report mentioned many of Defendant's medical issues, such as congestive heart failure. (Doc. 195 at 14.)

Because incarceration offers "adequate deterrence to the criminal conduct" and the Court considered the Defendant's medical condition during sentencing, the Court does not find Defendant's arguments convincing. *See* 18 U.S.C. § 3553(a)(2)(B). The Government correctly highlighted that this Court already varied downward by 38 months when imposing Defendant's 97-month term of incarceration. (Doc. 195 at 15.) A further downward variance would not "reflect the seriousness of the offense," "promote a respect for the law," "provide just punishment for the offense," or "afford adequate deterrence to the criminal conduct." *See* 18 U.S.C. § 3553(a)(2)(A)-(B). Accordingly, the Court finds that the 18 U.S.C. § 3553(a) factors also weigh against compassionate release.

///
///
///
///

**IV. CONCLUSION**

For the above stated reasons,

**IT IS ORDERED** that Defendant's Motion for Compassionate Release, (Doc. 194), **is denied**.

Dated this 2nd day of July, 2021.

*[signature]*

Honorable Susan M. Brnovich
United States District Judge